JAS. M. C. BULLOCK, Appellant, v. JAS. WOOLDRIDGE et al., Respondents.

**Kansas City Court of Appeals, December 1, 1890.**

Deceit: EXISTING OR PRE-EXISTING FACT : PLEADING. The petition in this case *held* to present an action for deceit, and to be defective in showing that the material false representation relied on related not to an existing or pre-existing fact, but wholly to acts to be performed in the future.

*Appeal from the Cass Circuit Court.*—HON. CHAS. W. SLOAN, Judge.

AFFIRMED.

*James T. Burney, R. T. Railey* and *George Bird.* for appellant.

( 1 ) Now, here is a plain, unequivocal contract, between plaintiff and defendants, with the breach thereof assigned, and damages set forth on account of said breach. If this does not state a good cause of action, then we are unable to know when one is stated. In *Stillwell v. Hamm,* 97 Mo. 585, Judge BARCLAY clearly holds that pleadings under the code should not be construed most strongly against the pleader. He says, their language should be taken in its plain and ordinary meaning, and such an interpretation given it as fairly appears to have been intended by its author. Section 3511 of the Revised Statutes of 1879, and section 2039 of the present statutes, require plaintiff to set forth in his petition a plain and concise statement of the facts constituting his cause of action. We submit that he has done so in this case. ( 2 ) In the following cases, the supreme court, and this court, have uniformly held that an objection to the introduction of testimony at the trial, for the reason that the petition fails to state a cause of action, cannot be properly sustained, except where the petition fails entirely to state a cause of action. Where the defect is such that it would be cured by verdict, it cannot be taken advantage of in this way. This objection can only be made successfully where a motion in arrest of judgment would be good. *Donaldson v. Butler County,* 98 Mo. 166 ; *Hurst v. Ash Grove,* 96 Mo. 172 ; *Spurlock v. Railroad,* 93 Mo. 537–8 ; *Roberts v. Walker,* 82 Mo. 206 ; *Grove v. City of Kansas,* 75 Mo. 675 ; *Ryors v. Prior,* 31 Mo. App. 561. ( 3 ) If the petition in this case, as claimed by defendants below,

attempted to state two causes of action in the same count—one on contract, and the other for deceit—then, if either one was sufficient to constitute a cause of action, the court had no right to sustain the objection of defendants to the introduction of any testimony at the trial. Defendants were compelled, if they desired to take advantage of the matter, to either raise it by demurrer, if the causes could not properly be united, or by motion to require plaintiff to elect, or by motion to strike out a part of the petition. Having failed to take advantage of either of these remedies, they waived their right to object to the introduction of plaintiff's evidence. *Christal v. Craig,* 80 Mo. 370 ; *Donaldson v. Butler County,* 98 Mo. 165 ; *Hurst v. Ash Grove,* 96 Mo. 172.

*Noah M. Givan,* with *J. S. Wooldridge* and *H. Clay Daniel,* for respondents.

(1) To constitute a cause of action, a false representation must be as to some existing fact ; and, where the fraud complained of is merely a breach of a promise, no action for damage lies. 3 Mo. App. 595 ; Cooley on Torts [1 Ed.] 474-5 ; 3 Sutherland on Dam. 584-5 ; Bishop on Non-Contract Law, secs. 324, 326 ; *Sawyer v. Pickett,* 19 Wall. 146 ( 22 L. Ed. 105 ) ; *Cooper v. Schlesinger,* 111 U. S. 148 ( 28 L. Ed. 382 ) ; *Stewart v. Ranch Co.* 128 U. S. 383 ( 32 L. Ed. 439 ), instruction 5, p. 441 ; *Dawe v. Morris,* 21 N. E. Rep. 313 ; *Bennett v. McIntyre,* 23 N. E. Rep. 79. (2) There is but one count in the petition, and but one cause of action attempted to be stated in it. This supposed cause of action is fully stated by direct and explicit averment. There is no uncertainty, or anything left to inference, implication or intendment ; no mere formal defects to be cured by verdict, but a total failure to show actionable fraud, the gist of the action. The authorities cited by plaintiff are not applicable to this case. R. S. 1879, sec.

3519. (3) The objection that the petition does not state facts sufficient to constitute a cause of action is not waived by not making it by demurrer or answer. R. S. 1879, sec. 3519; *Syme v. St. B. Indiana*, 28 Mo. 335. (4) The petition contains a supposed cause of action *ex delicto*, and not *ex contractu*, and manifestly not both. 1 Hilliard on Torts [3 Ed.] sec. 27, p. 33; *Walker v. Martin*, 8 Mo. App. 560, 561; *Smith v. Sims*, 77 Mo. 269. (5) In actions of "deceit," an element of contract, either expressed or implied, enters and forms a part of the "deceit." In all the forms and precedents of declarations in "deceit," given by Mr. Chitty in his standard treatise on pleading, the element of agreement exists, but this does not make the declaration, in substance or form, *ex contractu*. 2 Chitty, Plead. [13 Am. Ed.] star p. 680, *et seq*. (6) That the action is an action of deceit, and not an action on contract, is abundantly shown by the following Missouri cases, viz.: *Tozer v. Clark*, 8 Mo. App. 577; *Duffy v. Byrne*, 7 Mo. App. 417; *Smith v. Sims*, 77 Mo. 269; *Ross v. Mather*, 10 Am. Rep. 562; *Walker v. Martin*, 8 Mo. App. 561. (7) A pleading is to be construed most strongly against the pleader. *State ex rel v. Horner*, 10 Mo. App. 307; *State ex rel v. Masonic Ass'n*, 14 Mo. App. 596.

SMITH, P. J.—This is an action for the recovery of damages for deceit. The petition charged that the defendants, who were attorneys-at-law, engaged in the practice as partners, were employed to bring a certain civil action by attachment; that the plaintiff therein was compelled to file with the clerk of the court, wherein the attachment suit was brought, an attachment bond; that the defendants, in their quality of attorneys for the plaintiff in the attachment suit, requested the plaintiff herein to sign the same as one of the sureties thereon, and that they then represented to him that if he would sign said attachment bond; that the defendant, Daniel, would also sign the same; and, if said Daniel did not so

sign, that then they would not file said attachment bond with the said clerk ; that plaintiff, relying upon said representations of the defendants so made, did sign the said bond, and that but for such representations he would not have signed the same.   It is further charged that defendants filed said attachment bond with the said clerk without having procured the signature of the defendant Daniel thereto.   That the said representations were wilfully and knowingly false, and were made to deceive the plaintiff and fraudulently to obtain his signature to the said bond, etc.   It was further alleged that the attachment suit had failed, and that an action had been brought and sustained on said attachment bond against him, the only solvent surety thereon, whereby damages had been recovered against him in the sum of $552.50, which he had been compelled to pay. Judgment was demanded for this amount against defendants.   At the trial the defendants objected to the introduction of any evidence, for the reason the petition did not state facts sufficient to constitute a cause of action.   The objection being sustained, the plaintiff suffered a nonsuit, with leave, etc.   After an unsuccessful motion to set aside the judgment, the plaintiff appealed.

I.   If the plaintiff's petition states a cause of action at all, it is in the nature of an action of deceit, and necessarily falls within the class of actions *ex delicto.* No doubt that it contains some verbal redundancies, which, if pruned off, would improve it as a production of art.   But there is nothing in its allegations of fact which, under any rule of construction, would justify us in classing it an action *ex contractu.*   We had not supposed, until the decision of the supreme court in . *Stillwell v. Hamm*, 97 Mo. 585, that the code statutes had accomplished the abrogation of the ancient and salutary rule of law that " a pleading should be construed most strongly against the pleader.'"   This rule has come down to us founded upon justice, and sanctioned by the

combined experience of the ages, and we should hesitate long before yielding our willing assent to the conclusion that, if it had been repealed, there had been adopted in its stead a new rule requiring that pleadings shall be construed to mean what " fairly appears to have been intended by the pleader." Though this innovation has not the sanction of our approving judgment, we shall most cheerfully endeavor to follow it, because it has the sanction of our supreme court, whose decisions we are commanded by the constitution to follow. The *grava-men* of the plaintiff's plaint is the fraud and deceit of the defendants. Contractual ingredients most generally enter into every deceit. Indeed, by reference to the various forms of declaration outlined by Mr. Chitty in his work on pleading ( 2 Chitty, Plead. [ 16 Ed.] 521, *et seq.*) for actions of this kind, it will be seen that they most generally refer in some way to an agreement. We do not think, from the language of the petition, " that it fairly appears to have been intended by the pleader" to have stated more than a single cause of action for deceit. We shall, therefore, examine its allegations with the view alone of determining whether it states facts sufficient to constitute a cause of action of that kind.

The defendants assail the petition on the ground that it alleges no false representation as *to an existing fact*, and that the fraud complained of is merely a breach of promise for which no action lies. It will be remembered that the false representations were that the defendants promised to cause a certain act to thereafter be performed, the signing of the attachment bond by defendant Daniel, and if that act was not performed to refrain from doing another act, the filing of the said bond with the clerk of the circuit court in the attachment suit. It is quite clear, therefore, that these promises of these defendants related wholly to acts to be performed in the future. No promise, assurance or representation was made by them as to any existing or pre-existing fact. Now this being so, it becomes necessary to determine

whether under the law the defendants' assault on the petition is well grounded. In Cooley on Torts, 474, it is stated: "Actual or positive fraud consists in deception practiced in order to induce another to part with property or to surrender some legal right, and which accomplishes the thing designed. The deception must relate to facts *then existing or which had previously existed* and which were material to the dealings between the parties on which the deception was employed." In 3 Sutherland on Damages it is stated: "To entitle a party to maintain an action for deceit by means of false representations, he must among other things show that the defendant made false and fraudulent assertions in regard to some fact or facts material to the transaction in which he was defrauded, by means of which he was induced to enter into it." In Bishop on Non-Contract Law, section 324, it is stated that the doctrine is that the representations must be of some *existing fact* in distinction from an opinion, *a promise or an assumed future fact, etc.* The St. Louis Court of Appeals ( 3 Mo. App. 595 ) have held that, to constitute a cause of action, a false representation must be as to some *existing fact*, and the damages must be the direct and immediate consequence of the wrongful act complained of. The supreme court of Indiana have several times decided that a false representation in order to be available as a cause of action or defense must relate to some *existing or past fact, and not merely be a promise as to future conduct or intentions.* Bennett v. McIntyre, 23 N. E. Rep. 79 ; *Caylor v. Roe*, 99 Ind. 1 ; *Fry v. Doy*, 97 Ind. 348 ; *Rechter v. Irvine*, 28 Ind. 26. The supreme judicial court of Massachusetts has held that a representation in order that, if material and false, it may form the ground of an action, where one has been induced to act by reason thereof, should be of some *existing fact*. Dawe v. Morris, 21 N. E. Rep. 313. And the supreme court of the United States has announced and followed the same rule in a number of

recent cases. *Sawyer v. Pickett*, 19 Wall. 146 ; *Cooper v. Schlesinger*, 111 U. S. 148 ; *Stewart v. Cattle Co.*, 126 U. S. 383. But it is needless to multiply authorities on this point. It is quite plain that the petition is defective in that the false representations were not made as to existing or pre-existing fact. This was essential. The action of the trial court must, therefore, be upheld. ·

It was strange that the plaintiff should have conceived himself to have been entitled to recover of the defendants, under the circumstances, the entire amount of the damages which he has suffered. He should have rather conjectured that he should have not sought to recover of defendants a greater sum than he would have had to pay, had Daniel signed the attachment bond with him as a cosurety, and that he would have invoked by a proper bill for that purpose the interposition of a court of equity to have compelled contribution by Daniel who doubtless was in equity and good conscience his cosurety.

The judgment of the circuit court will be affirmed. All concur.