BROWN and another, Appellants, vs. SEARCH, Respondent.

*February 20—March 19, 1907.*

*Contracts: Rescission: Fraud: Materiality of false representations: Estoppel.*

1. Upon being solicited by plaintiffs' agent, defendant declined to make a contract for the attendance of his daughter at plaintiffs' business college unless some of her former classmates in school should attend the college at the same time, and was thereupon induced to make such a contract by false representations of the agent that he had secured similar contracts from the parents of several of the daughter's classmates, naming three of them specifically. *Held,* that such representations were relevant and material to the negotiations and constituted a fraud which warranted defendant in rescinding the contract.

2. Defendant's refusal to send his daughter to the college or to make any payment after learning of such fraud was in effect a repudiation of the contract and, the contract being wholly executory and plaintiffs not having changed their position or incurred any liability on account of it, defendant was not estopped to set up the fraud as a defense to an action on the contract.

3. The fact that plaintiffs had paid their agent for his services in securing the contract from defendant did not affect defendant's rights.

Appeal from a judgment of the circuit court for Milwaukee county: Orren T. Williams, Circuit Judge. *Affirmed.*

An action to recover the amount due under the following written agreement:

"Milwaukee, Wis., July 22, 1902.

"Received of *H. A. Brown* and *W. W. Way,* proprietors of the Cream City Business College, a certificate of tuition for a 12 mo. course of instruction in the day session of the Cream City Business College, Milwaukee, Wis., for which I agree to pay said Brown & Way, or order, the sum of one hundred twenty dollars ($120.00) as follows: $10.00 on the 1 of Sept., 1902, and $10.00 on the 1 day of each succeeding month thereafter until all is paid.

"Value received.

"(Name) Frank Search,
"Jno. J. Dalton.     (Address)   469 Greenbush St."

The  certificate mentioned in the above instrument was as follows:

"No. ——.         Certificate of Tuition.          $——.
"Cream City Business College.
"Mack Block,
"Milwaukee, Wis.

"This certifies that Laura Search is entitled to a twelve months' course of instruction in the business and shorthand departments of this institution, day session, in consideration of the payment of one hundred twenty ($120.00) dollars and subject to the rules and regulations of the college, said course to begin on or about the first day of September, 1902.

"Given under our hands & seal this 22nd day of July, 1902.

"H. A. Brown,
"W. W. Way,
"Proprietors.
"Per Jno. J. Dalton."

Plaintiffs conducted the Cream City Business College, and were prepared to furnish defendant's daughter the instruction specified in the written certificate.

Defendant admits the making and execution of the agreement, but alleges that plaintiffs' agent, Jno. J. Dalton, induced him to make and execute it through false and fraudu-

lent representations.    He pleads such fraud in defense of its enforcement in this action.

It appears that Jno. J. Dalton was the authorized agent of plaintiffs in the negotiations with defendant.    Mr. Dalton called on defendant with a view to obtaining from him his agreement to send his daughter to this business college.    During the negotiations defendant informed Dalton that he expected to have his daughter attend a business college, but that he wished to have her attend a college where some of her classmates from the school she had recently attended would attend.    Thereupon Dalton informed him that he had obtained and secured contracts from parents of several of his daughter's classmates, naming three of them specifically, and that these classmates would attend plaintiffs' college in the succeeding September.    Defendant, relying on these representations, agreed and made the contract sued on, stipulating orally that, if the daughter's classmates did not so attend the college, he would not be bound by the contract.    It further appears that, in truth and fact, Dalton had not obtained any contracts from the parents of such classmates of defendant's daughter, and that none of the classmates referred to attended plaintiffs' business college as Dalton had represented their parents had contracted to have them attend.

In the succeeding October, when defendant and his daughter learned that none of her classmates specified in the negotiations with Dalton were in fact attending plaintiffs' college, defendant declined to have his daughter attend and receive the instruction agreed upon in the written contract, remailed the contract to plaintiffs' address, and refused to pay any of the sums specified in the contract.    Plaintiffs testified that they never received the written contract defendant claims to have mailed them, that they had no knowledge of any of the alleged misrepresentations of their agent, Dalton, and that they were   conducting the business college referred to in the contract and certificate.

The court submitted to the jury the questions whether there

was a conditional delivery of the contract, and whether defendant was induced to make the contract through the false and fraudulent representations of the plaintiffs' agent, Dalton. The jury found for the defendant, and judgment was awarded in his favor upon the verdict. This is an appeal from such judgment.

For the appellants there was a brief by *W. E. & F. P. Burke,* and oral argument by *Louis A. Lecher.* To the point that no legal fraud was shown, they cited 14 Am. & Eng. Ency. of Law (2d ed.) 140; Elliott, Ev. § 2137; 1 Bigelow, Fraud, 497; *Williams v. McFadden,* 23 Fla. 143, 11 Am. St. Rep. 345; 3 Sutherland, Dam. 584, 585 (3d ed. § 1167); *Hall v. Johnson,* 41 Mich. 286, 2 N. W. 55, 57, 58; *Davis v. Davis,* 97 Mich. 419, 56 N. W. 774; *Britton v. Supreme Council R. A.* 46 N. J. Eq. 102, 19 Am. St. Rep. 376–382; *Am. Bldg. & L. Asso. v. Bear,* 48 Neb. 455, 67 N. W. 500; *Castleman v. Griffin,* 13 Wis. 535, 538; *Barber v. Kilbourn,* 16 Wis. 485, 489; *Foster v. Taggart,* 54 Wis. 391, 393; *McDonald v. Daniels,* 58 Wis. 426, 428, 429; *Mamlock v. Fairbanks,* 46 Wis. 415, 416–418.

*Fred Doering,* for the respondent.

SIEBECKER, J. It is averred that plaintiffs were entitled to a direction of judgment in their favor upon the ground that the evidence in the case failed to show either a conditional delivery of the contract by defendant to plaintiffs' agent, Dalton, or that such agent had committed any fraud by which defendant was induced, as claimed, to make, execute, and deliver it. The proof of the delivery of the contract is undisputed, and we find nothing in the evidence to show that the contract was not to be effective unless some future specified act was performed or some event occurred. No evidence aside from that of defendant was offered on this subject, and from that testimony it is clear that the delivery of the contract to Dalton in its completed form was not a conditional de-

livery, but that the contract was executed and delivered as a completed agreement. So far as delivery was concerned, nothing further was required to complete it and make the agreement effective between the parties. Under these circumstances it devolved on the court to declare that there was a delivery of the contract to plaintiffs' agent.

In respect to the fraudulent conduct of plaintiffs' agent, which defendant alleges induced him to make and execute the contract, plaintiffs claim that the undisputed facts and circumstances show that the negotiations between Dalton and defendant, resulting in this contract, were free from any material misrepresentations by Dalton, and therefore no grounds have been shown for an avoidance of the contract by defendant. The proof is uncontradicted that defendant declined to make a contract for the attendance of his daughter at plaintiffs' college unless her classmates at the school she had theretofore attended should attend plaintiffs' college at the same time; that Dalton thereupon represented to defendant that such classmates had determined to attend plaintiffs' college for a course of instruction, and that he had secured contracts to that effect from the parents of three classmates, naming them; and that defendant was thereby induced to make, execute, and deliver the contract sued on. The falsity of these representations is not disputed, but it is averred that they do not constitute a representation material to the transaction embodied in the contract, and therefore do not constitute a fraud and cannot affect its validity. The representation was clearly germane to the transaction, and obviously was of such weight and importance to defendant as to induce him to bargain for a course of instruction for his daughter in plaintiffs' college. The association with her former classmates while attending plaintiffs' college was a matter of such substantial importance to defendant that he was justified in allowing it to determine his conduct in the transaction. This made the misrepresentation relevant and material to the negotiations, and furnished a

substantial basis for the perpetration of a fraud. It also appears that the evidence on this issue is not in conflict, and it shows that the misrepresentation was made by Dalton and that it induced defendant to make and deliver the contract. The facts and circumstances showing fraud are so clear as to exclude any different inference from them, thus leaving nothing for the jury to determine, and called upon the court to decide as matter of law that the alleged fraud was established. *Pratt v. Darling,* 125 Wis. 93, 103 N. W. 229; *Palmer v. Goldberg,* 128 Wis. 103, 107 N. W. 478, and cases cited.

Under the terms of the contract, to compensate plaintiffs for giving his daughter a twelve months' course of instruction in their business college, defendant obligated himself to pay them the sum of $120 in monthly instalments of $10, beginning on September 1st succeeding its execution in July. In the early part of October following defendant's daughter was prepared to enter upon the course of instruction, and then defendant became informed that none of her classmates' were in attendance at the college as Dalton had represented they would be. Defendant thereupon omitted to comply with the agreement and refused to pay the amounts due and to have his daughter attend the college. He also claims to have mailed his copy of the contract to plaintiffs, but they testify that they never received it. No further steps were taken by either party to the contract until this action was commenced to enforce payment.

It is urged that defendant is estopped from interposing the defense of fraud for failure to give notice of rescission. This is claimed upon the well-established principle that, if a party to an agreement seeks total rescission on account of the fraud of the other party, upon being informed of the fraud he must repudiate the transaction promptly and return what he has received, in order to place the opposite party as nearly *in statu quo* as the circumstances will reasonably permit. The defendant omitted to comply with the terms of the agreement.

At the time of such failure plaintiffs had not parted with anything in reliance on it, and it is not shown that they incurred any liability on account of it. Presumably they stood in readiness to perform their part of the agreement in September if defendant should choose to enforce it. Up to this time the contract was an executory one. Defendant's failure to comply with its terms was, in effect, a repudiation of it, and left plaintiffs, in relation to the contract, in the same position they were in at the time it was made. It does not appear that they thereafter changed their position in relation to it, or that they incurred any liability on account of it. The action of the defendant in refusing to send his daughter to the college and to pay the instalment as required by the terms of the agreement clearly informed plaintiffs that he refused affirmance of the contract, and left the parties practically in their original positions up to the time action was commenced. Under these circumstances nothing has transpired to operate as a waiver of the right of defendant to assert the fraud in avoidance of the agreement. 1 Page, Cont. § 136; 2 Parsons, Cont. (9th ed.) 780; 1 Bigelow, Fraud, 434 *et seq.;* *Zang v. Adams,* 23 Colo. 408, 48 Pac. 509.

Exception was taken to the ruling by which the court excluded proof of payment by plaintiffs to Dalton for his services in securing this contract. It is to be presumed that they paid for such services, but this fact can in no way affect plaintiffs' or defendant's rights under the issues in this case. Upon the considerations above stated defendant was entitled to judgment in his favor.

*By the Court.*—Judgment affirmed.