## JOHN S. SNEVE et al. v. GEORGE S. SCHWARTZ et al.

(141 N. W. 348.)

Plaintiffs and defendants entered into the written executory contract set up in the opinion, whereby they were to exchange certain properties at a future date after abstracts of title had been furnished and the deeds deposited in escrow. Plaintiff brings this suit, alleging false and fraudulent representations upon the part of defendants which induced him to enter into said contract. Defendants demur upon the ground that the complaint does not state facts sufficient to constitute a cause of action. In answer thereto it is *held:*—

**Executory contract — action — notice of rescission.**

(1) That where the contract is entirely executory and the defendant has parted with nothing of value, and where plaintiffs bring the action promptly upon discovering that they have been defrauded, the said action is sufficient notice of plaintiffs' election to rescind said contract.

**Sale — deeds — abstract — delay.**

(2) Where defendants had until the 15th of November to furnish the last abstract of title and deposit the deed in escrow, and the plaintiffs served their complaint forty-four days thereafter, such delay is not fatal to the bringing of the action, as the plaintiffs would need some time to look up the reasons why the deed and abstract had not been furnished, to ascertain whether or not defendants had misrepresented material statements to them in obtaining their consent to the contract. Also the plaintiffs would need time to consult attorneys, and the attorneys would need time to investigate the facts and properly prepare the complaint.

**Pleading — contract — incapacity — fraud.**

(3) The allegation of the complaint that one of the plaintiffs was "mentally incapable of transacting business" is not given as a reason for rescinding the contract, but as a fact going to show fraud upon the part of the defendants in inducing him to sign the contract.

**Pleading — title — record.**

(4) The complaint alleges upon information and belief that the defendants have no title to the premises agreed by them to be conveyed. In view of the fact that the defendants might have had title which was not of record, this is the only allegation that the plaintiffs could safely make, and it is held sufficient.

**Scienter — pleading.**

(5) The complaint alleges sufficient words of scienter, which words are set forth in the opinion.

**Representations — reliance upon — pleading.**

(6) Complaint examined, and *held* that it alleges that the plaintiffs relied upon the representations of defendant and would not otherwise have entered into the same.

**Agreement to convey.**

(7) *Held* that the complaint sufficiently alleges that defendants represented that they would convey to plaintiffs a one-half interest in the said nursery stock.

**Allegations—materiality.**

(8) The contract, which is attached to the complaint, shows that the defendants agreed to convey a one-half interest in said nursery stock, and when read in connection with the complaint is sufficient to show that such allegations were material.

**Damages — pleading.**

(9) The complaint alleges that the property parted with by plaintiffs was worth $20,000, and that they have received nothing in return. This is sufficient allegation of damages.

**False representations — reliance upon.**

(10) *Held* that the complaint alleges that the plaintiffs relied upon the false representations of the defendants.

**Deed — possession — escrow — conclusion of law.**

(11) The complaint alleges that the defendants had wrongfully obtained possession of the deed from plaintiffs, which was to be deposited in escrow, and asked that said deed be canceled. *Held* not to be a statement of a conclusion of law.

**Pleading — status quo.**

(12) Where the complaint shows that the defendants have parted with nothing of value, it is unnecessary to allege that they have been placed *in status quo*.

**Pleading — demurrer — value.**

(13) Not grounds for demurrer that the complaint does not show that the defendants knew more about the value of the nursery stock than did the plaintiffs.

**Fraud — setting aside contract — deed — possession of — damages.**

(14) Defendants claim that no fraud could have been inflicted upon the plaintiffs by the making of an executory contract. The fraud alleged is sufficient to justify the court in setting aside the contract itself, and the further allegation that defendants have wrongfully obtained possession of a deed to plaintiffs' land is sufficient allegation of damages to sustain the complaint.

Opinion filed March 5, 1913.   Rehearing denied May 7, 1913.

Appeal from the District Court for Ward County, *Leighton,* J. Affirmed.

*F. B. Lambert* and *Geo. A. McGee,* for appellants.

No disaffirmance of the alleged fraudulent contract or notice rescission has ever been made. To be relieved from fraud, one must rescind. N. D. Rev. Codes, § 5380; Sonnesyn v. Akin, 14 N. D. 248, 104 N. W. 1026; Higby v. Whittaker, 8 Ohio, 198; Walters v. Miller, 10 Iowa, 427; Melton v. Smith, 65 Mo. 315.

The intention of rescind must be made evident. Mullin v. Bloomer, 11 Iowa, 360; American Wine Co. v. Brasher Bros. (C. C.) 13 Fed. 595; Carney v. Newberry, 24 Ill. 203; Gaty v. Sack, 19 Mo. App. 470;

25 N. D.—19.

Davis v. Read (C. C.) 37 Fed. 418; Grymes v. Sanders, 93 U. S. 55, 23 L. ed. 798, 10 Mor. Min. Rep. 445; Ayres v. Mitchell, 3 Smedes & M. 683; Lawrence v. Dale, 3 Johns. Ch. 23.

Consideration paid cannot be recovered unless demand has been made for the money paid, or property delivered, before suit is brought. Weeks v. Robie, 42 N. H. 316; Swazey v. Choate Mfg. Co. 48 N. H. 200; I. L. Corse & Co. v. Minnesota Grain Co. 94 Minn. 331, 102 N. W. 728.

Until contract is rescinded, an action to recover payments cannot be maintained. Herman v. Gray, 79 Wis. 182, 48 N. W. 113; Ludington v. Patton, 111 Wis. 208, 86 N. W. 571; Potter v. Taggart, 54 Wis. 395, 11 N. W. 678; Bostwick v. Mutual L. Ins. Co. 116 Wis. 392, 67 L.R.A. 705, 89 N. W. 538, 92 N. W. 246.

Until rescission, a voidable sale remains such, with voidable title in the purchaser. Mechem, Sales, §§ 148, 889, 892, 901, 907; Donaldson v. Farwell, 93 U. S. 631, 23 L. ed. 993, note; Fechheimer v. Baum, 43 Fed. 719, 2 L.R.A. 153, and note; Morrow Shoe Mfg. Co. v. New England Shoe Co. 24 L.R.A. 417, 6 C. C. A. 508, 18 U. S. App. 256, 57 Fed. 685; King v. Jacobson, 35 N. Y. S. R. 808, 12 N. Y. Supp. 584; 8 Rose's Notes (U. S.) 1024; 23 Century Dig. col. 174; 17 Decen. Dig. 42–44; Ditton v. Purcell, 21 N. D. 648, 36 L.R.A.(N.S.) 149, 132 N. W. 347.

The action should be instituted, or notice given, promptly upon the discovery of fraud. N. D. Rev. Codes, § 5380; 2 Pom. Eq. Jur. § 897.

An allegation of mental weakness is not an allegation of insanity. N. D. Rev. Codes, § 7409; S. D. Civ. Code 1905, § 13; 8 Words & Phrases, 7213; Nelson v. Thompson, 16 N. D. 295, 112 N. W. 1058; Batman v. Snoddy, 132 Ind. 480, 32 N. E. 327; 31 Cyc. 59; 9 Cyc. 459; Sandels & H. Dig. (Ark.) § 7217.

An allegation as to title to real property cannot be made on information and belief. Hathaway v. Baldwin, 17 Wis. 616; State ex rel. Kennedy v. McGarry, 21 Wis. 500; Union Lumbering Co. v. Chippewa County, 47 Wis. 245, 2 N. W. 281; Steinberg v. Saltzman, 130 Wis. 419, 110 N. W. 198.

It is necessary to allege intention to deceive, and that representations were known to be false. Words of scienter are necessary. Arthur v. Griswold, 55 N. Y. 400, 7 Mor. Min. Rep. 46; Brackett v. Griswold,

112 N. Y. 454, 20 N. E. 376; Southern Development Co. v. Silva, 125 U. S. 248, 31 L. ed. 678, 8 Sup. Ct. Rep. 881, 15 Mor. Min. Rep. 435; Barnett v. Stanton, 2 Ala. 181; McDonald v. Trafton, 15 Me. 225.

A false representation must be knowingly made. Southern Development Co. v. Silva, 125 U. S. 248, 31 L. ed. 679, 8 Sup. Ct. Rep. 881, 15 Mor. Min. Rep. 435; 5 Am. & Eng. Enc. Law, 320; Oberlander v. Spiess, 45 N. Y. 177; Meyer v. Amidon, 45 N. Y. 169; Marsh v. Falker, 40 N. Y. 565; Chester v. Comstock, 40 N. Y. 576, note; Duffany v. Ferguson, 66 N. Y. 484; Wakeman v. Dalley, 51 N. Y. 27, 10 Am. Rep. 551; McIntyre v. Buell, 132 N. Y. 192, 30 N. E. 396; Daly v. Wise, 132 N. Y. 306, 16 L.R.A. 236, 30 N. E. 837; Kelly v. Gould, 47 N. Y. S. 5, 19 N. Y. Supp. 349, affirmed in 141 N. Y. 596, 36 N. E. 320; Kerr, Fr. p. 382.

The gravamen of the action is actual fraud. Kountze v. Kennedy, 147 N. Y. 124, 29 L.R.A. 360, 49 Am. St. Rep. 651, 41 N. E. 414; Maxwell, Pl. p. 194.

In an action of deceit, it is necessary to allege a scienter. (Ala. 1889) Clark v. Dunham Lumber Co. 86 Ala. 220, 5 So. 560; (Fla. 1887) Williams v. McFadden, 23 Fla. 143, 11 Am. St. Rep. 345, 1 So. 618; (Ga. 1858) Wooten v. Callahan, 26 Ga. 366; (1861) 32 Ga. 382; (Miss. 1860) Mizell v. Sims, 39 Miss. 331; (Mo. 1892) Fenwick v. Bowling, 50 Mo. App. 516; (N. Y. 1858) Mabey v. Adams, 3 Bosw. 346; 1895 Thomas v. Snyder, 77 Hun, 365, 28 N. Y. Supp. 877.

It must clearly appear that the complaining party relied upon the representations made, and acted upon them. Johnson v. Kindred State Bank, 12 N. D. 336, 96 N. W. 588; 23 Century Dig. 1690.

Damages must be alleged and proved. Maxwell, Code Pl. 16; 20 Cyc. 108; Marshall-McCartney Co. v. Halloran, 15 N. D. 71, 106 N. W. 293; First Nat. Bank v. North, 2 S. D. 480, 51 N. W. 96; Hayrock v. Surerus, 9 N. D. 28, 81 N. W. 36; Nelson v. Grondahl, 12 N. D. 133, 96 N. W. 299.

All the elements of actionable fraud must be alleged. 31 Cyc. 56; 16 Cyc. 231; 6 Cyc. 325, 326; Russell v. Meyer, 7 N. D. 335, 47 L.R.A. 637, 75 N. W. 262.

*Noble, Blood, & Adamson,* for respondents.

The plaintiffs received nothing, and it is therefore impossible for them to retain anything, or to tender anything back. The allegations

of notice and disaffirmance are sufficient. Zebley v. Farmer's Loan & T. Co. 139 N. Y. 461, 34 N. E. 1067; Warren v. Providence Tool Co. 19 R. I. 360, 3 Atl. 876; King v. Zekle, 53 Fla. 940, 43 So. 586; Porter v. Armour & Co. 241 Ill. 145, 89 N. E. 356; Ballard v. Golob, 34 Colo. 417, 83 Pac. 376.

The allegations of mental weakness are sufficient. Gavitt v. Moulton, 119 Wis. 35, 96 N. W. 395; Robinson v. Robinson, 203 Pa. 400, 53 Atl. 253; Re Hess, 48 Minn. 504, 31 Am. St. Rep. 665, 51 N. W. 614; 9 Cyc. 460.

This action can be maintained for the recovery of the purchase price. Worley v. Nethercott, 91 Cal. 512, 25 Am. St. Rep. 209, 27 Pac. 767; Mims v. Cobbs, 110 Ala. 577, 18 So. 309; Haile v. Smith, 128 Cal. 415, 60 Pac. 1032.

BURKE, J. The plaintiffs, husband and wife, were on the 29th day of September, 1909, the owners of a half section of land in Ward county. Upon that date they entered into the following written contract with the defendants: "  .  .  . the parties of the first part, for and in consideration of the parties of the second part, transferring by good and sufficient warranty deed, as shown by an abstract of title to be furnished free and clear of all encumbrance, of all the following described real estate [describing a 5-acre tract and also a certain block 11], and the one-half interest in the following described nursery stock [describing over 100,000 trees and shrubs]. The parties of the second part, for and in consideration of the transfer of said property by the parties of the second part, to convey to the parties of the second part by good and sufficient warranty deed, free and clear of all encumbrance save and except a mortgage of $2,100, and abstract of title to said property to be furnished [describing the said farm]. Parties of the first part hereby agree to pay all interest up to and including December 1, 1909, on said $2,100 mortgage. It is hereby agreed between the parties that each party to this contract shall pay the 1909 taxes on the property which they agree to convey by this contract. The parties to this contract have this day made and executed deeds in accordance with this contract, except the block 11 heretofore described; deed to same to be delivered November 15, 1909. Said deeds to be deposited in the Second National Bank of Minot in escrow, until such time as the abstract of title to the various pieces of real estate are filed and an opportunity is

given the parties herein to examine the same." (Signed by the plaintiffs and defendants.)

On the 29th of December, 1909, this suit was instituted. The complaint is too long to be set out in full in this opinion, and we will merely state its contents briefly. First, it is alleged that the plaintiffs owned the farm land described. Next, the written contract is set up, and that the said farm was worth the sum of $10,000. It is then alleged that the plaintiff, John S. Sneve was of unsound mind, which fact was known to the defendants. It is further alleged that false and fraudulent representations were made by the defendants to plaintiffs, as follows: "That the defendants alleged that they were the owners of the 5-acre tract and said block 11, and a half interest in the said nursery stock, which representations were untrue. Plaintiffs alleged on information and belief that the defendants never owned any of said property. It is further alleged that the defendants represented that they had done the business in the said nursery line to the amount of $20,000 in the previous year; that they had a contract with the city of Minot to furnish to such city all trees and shrubs that such city might need, and that they had a contract, or practically so, with the Soo Railroad Company, whereby they were to furnish said railway with all the trees and shrubs that it should need between the city of Minneapolis and the Rocky Mountains. It is further alleged that defendants represented that the nursery stock was worth the sum of $10,000. The complaint then alleges that all of these representations were false and made to induce the plaintiffs to enter into said contract, and that had it not been for the mental condition of said John S. Sneve the contracts would not have been made. It is further alleged that the defendants never executed deeds to the property upon their part to be conveyed, or deposited the same in escrow, but that the plaintiffs executed the deed to their said farm in favor of the defendants, but that said deed was not deposited in escrow, but fell into the hands of the defendants, by whom it was recorded, and that said defendants went into possession of said farm, and have ever since maintained such possession. That the rental value of such farm is the sum of $500 per annum, and the plaintiffs pray judgment that the said contract be declared void and canceled; that the deed executed by plaintiffs be declared null and void, and be canceled of record, and that the plaintiffs recover damages for the use of the land. To this complaint the

defendants interposed a demurrer on the ground that said complaint does not state facts sufficient to constitute a cause of action, and urge fourteen reasons in support thereof. We will take up and dispose of these in the order named in the brief.

(1) The first and most serious objection raised to the complaint is that it contains no allegation of rescission, thus raising the question as to the necessity of giving notice to. the adverse party of the intention to rescind before bringing action. The general rule unquestionably is that the party believing himself defrauded must elect to rescind and make his election known in some manner to the other party. This is founded upon the plainest principles of justice. The rule, however, is not broader than the principles of justice upon which it is founded. In executory contracts, where the parties have merely agreed to transfer their property at some future time, the necessity for the notification is not so imperative as in contracts fully executed, because the other party knows that until the negotiations are finally completed there is a possibility of some disagreement necessitating the abandonment thereof. So, in the case at bar, where neither party was to part with his property until a future date, there would be less reason why one of the parties should notify the other of his intention to rescind on account of fraud. And this for the reason that the party in the wrong might rectify his wrongful acts, before the day of final settlement. In other words, the plaintiff herein, who was merely to deposit his deed in escrow, might not feel justified in rescinding the contract because he had discovered that the defendants had no title to the premises which they were obligated to convey, because the defendants might acquire the property by the time the deeds were to be formally transferred. The defendants had until November 15 within which to deposit their last deed and furnish the abstract. This action was begun on the 29th of December following, which was about as soon as the plaintiffs could be expected to act. We conclude, therefore, that in this action at least there was no necessity for the plaintiffs notifying the defendants of their election to rescind, otherwise than by the bringing of an action promptly upon learning of the deceit practised upon them. Brown v. Search, 131 Wis. 109, 111 N. W. 210.

(2) Second, it is urged that even if notice of rescission can be given by action, that in this case such action was not begun promptly after

the discovery of the fraud. As noted above, the defendants had until November 15, 1909, to deposit the deed to block 11, and to furnish an abstract of its title. The complaint was dated December 29, 1909, about fortyfour days thereafter. It is but reasonable to suppose that upon the 15th of November the plaintiffs would make some inquiry as to why defendants had not deposited the deed, and to make investigations with a view to learning whether or not defendants had title to the property. They would have also to investigate the other representations made by defendants to learn if they were fraudulent, and to make investigations as to the financial responsibility of the defendants to aid them in electing whether they should sue for damages or rescind. After that it would take some time to consult an attorney and for the attorney to investigate the facts sufficiently to draw an intelligent complaint. We do not believe that fortyfour days is much too long for these events to transpire. The action was, we think, brought in sufficient time.

(3) It is urged that the allegation that one of the plaintiffs was "mentally incapable of transacting business" is not an allegation that the plaintiff was an idiot or insane person, and therefore no ground whatever for decreeing a rescission of the contract made by him. The answer to this proposition is that plaintiffs are not relying upon the mental incapacity for the purpose of vitiating the contract, but allege fraud, and have alleged that the defendants knew that said plaintiff was weak mentally, and that this fact added to their general fraudulent conduct.

(4) Defendants object to the allegation relative to the defendants' title to the real estate being made upon information and belief. We do not see that this makes the complaint demurrable. The plaintiffs could not learn all possible sources of title to the land of defendant from the records. It was always possible that the defendants had an unrecorded deed to the premises. It would not therefore be safe for the plaintiffs to make the positive allegation that defendants had no title, they could only be sure they had no recorded title. If they were informed, and believe such fact, the proper way to allege it was upon information and belief.

(5) Defendants complain that there is no allegation that defendants made false or untrue representations regarding their property. A

perusal of the complaint will show the contrary. The allegations that the defendants wrongfully claimed to own the land and the nursery stock, and those regarding the magnitude of the business, are all alleged to be false. These statements are certainly words of scienter.

(6) Defendants claim that there is no allegation in the complaint that the plaintiffs relied upon the misrepresentations of the defendants. In their brief defendants say that the complaint affirmatively shows that they were to rely upon the abstracted title to said premises. This contention is not borne out by the facts. In paragraph 13 of the complaint it is said "that the plaintiff John S. Sneve relied upon the same by reason of the enfeebled condition of his mind, and that had not the said John S. Sneve been in such enfeebled mental condition the said contract would not have been made." We think the above language is general and relates to all allegations, and is sufficient to show that plaintiffs relied upon the misrepresentations of the defendant, although it is coupled with the further allegation that his mental condition was weak at the time.

(7) Defendants say that there is no allegation in the complaint that the defendants claimed that they owned or had in their possession at Minot the nursery stock a half interest of which was agreed to be given to plaintiffs. The complaint in this particular is not clear, but says "that the only other consideration named in the said agreement for the conveyance of said premises to be conveyed by these plaintiffs to the defendant was a one-half interest in the following described nursery stock." While this language is not as clear as it should be, we think it sufficient, and besides there are other allegations of fraud, even should we eliminate this one allegation.

(8) The defendants say that the allegation as to the earnings of the nursery company,—the contracts with the Soo Railroad and with the city of Minot, are not material if true, and could not possibly have any effect upon the contract. This is based upon the seventh objection, and is met by the same answer. It is certain that the allegations of misrepresentation are sufficient, but it is possible that the complaint should be amended so as to show more clearly that the defendants had agreed to convey a one-half interest in said nursery stock. The contract between the parties, which is attached to the complaint, shows positively that the defendants were to convey this property, and this

is sufficient to sustain the action of the trial court in overruling the demurrer upon this point.

(9) Defendants say that there is no allegation that the plaintiffs were damaged by the deal. This is also contrary to the record. Plaintiffs say that they have parted with property worth $20,000, and that they have received nothing. This is not a model allegation of damage, but we think it is sufficient to support the complaint.

(10) The defendants say that there is no allegation that the contract was made on account of the false and fraudulent representations. As we have already pointed out, the complaint does show that the plaintiff relied upon the misrepresentations of defendant. This allegation remains good even though coupled with the further allegation that the plaintiff John S. Sneve was feeble-minded, and would not have made the contract had he not been mentally deficient. We think a fair reading of the complaint shows that the false representations of the defendants were relied upon by the plaintiffs.

(11) It is alleged that the complaint states a conclusion of law when it says that the defendants wrongfully obtained possession of the deed. It is undoubtedly defendants' intention that the facts should have been set up so that the court could see whether or not the defendants "wrongfully obtained possession of the same." Taken in connection with the allegations that the deed was to be deposited in escrow until the defendants had likewise deposited their deeds, we think the allegation sufficient.

(12) It is claimed that the complaint does not show that the defendants have been placed *in status quo*. The complaint positively alleges that the defendants did not own any of the property which was upon their part to be conveyed, and we think this equivalent to a statement that plaintiffs had received nothing upon the contract. It is further alleged that the "defendants have never delivered or offered to deliver to the plaintiffs the deed to the premises, or property described in said contract to be by them transferred, and have not deposited the same in escrow as provided for in the terms of said contract." Under those circumstances an allegation that the plaintiffs have returned said property would be superfluous.

(13) Defendants say that there is no allegation in the complaint, showing that defendants knew any more about the value of the nursery

stock than did the plaintiffs. The complaint alleges that the defendants represented themselves to be the owners of the said stock, which stock was worth $10,000. It is further alleged that said stock did not belong to the defendants at all, and was not worth to exceed $1,000. Even, if we concede that the plaintiffs might have inspected the stock, and have learned from such inspection that it was worth but $1,000, yet there remains the allegation that the defendants wrongfully represented themselves as owners of a half interest therein.

(14) The last objection to the complaint is that no fraud could possibly have been inflicted upon the plaintiffs by the making of an executory agreement. All considerations were to be passed upon first, and then mutually turned over at an appointed time, and each was to own his own property until then. The answer to this is that the complaint alleges that the contract is still in existence, and that the defendants are unable to perform their part of it because they never have owned the property they have agreed to convey. Under those circumstances, surely the plaintiffs are entitled to have the contract set aside.

Our conclusion is that the plaintiffs have set forth their cause of action in their own way, and that it should be liberally construed in the interests of justice to all concerned. To say that the facts disclosed by the complaint are not actionable would be equivalent to saying that the plaintiffs must lose their land entirely and receive nothing in return. We do not believe the technical rules of law require any such holding.

The order of the trial court overruling the demurrer is affirmed.

Goss, J., being disqualified, took no part in this decision.