R. C. HORNE, JR., Respondent, v. JOHN A. HERTEL COMPANY, Appellant.

Kansas City Court of Appeals, December 7, 1914.

1. CONTRACTS: Employment: Fraudulent Representation. The plaintiff sued in tort resulting from false and fraudulent representations which induced him to enter into a contract of employment with defendant. The defendant is the publisher of a child's book entitled "Bible Symbols, or the Bible in Pictures" and induced the plaintiff to enter their employment representing, that the method of instruction employed in the book was unique and not to be found in any other book on the market, while as a matter of fact the falsity of this statement was known to the manager. Held, that the plaintiff elected to stand on the contract and in so doing did not waive his right to recover damages resulting to him from defendant's fraud and deceit, nor was he under any legal obligation to offer to return the commissions he had received for his services.

2. ———: ———: ———. A party, induced to enter into a contract by fraud and deceit, has his election of remedies. He may stand to the bargain even after he has discovered the fraud and recover damages on account of it, or he may rescind the contract and recover back what he has paid or sold.

3. ———: ———: ———. The rule that all prior and contemporaneous oral agreements and representations are merged in the written contract entered into by parties does not apply to fraudulent representations made for the purpose of inducing a party to enter into such contract.

Appeal from Saline Circuit Court.—*Hon. Samuel Davis*, Judge.

AFFIRMED.

*Virgil V. Huff* for appellant.

(1) The plaintiff's petition does not state facts sufficient to constitute a cause of action. (a) A promise to perform some act in the future, not being a representation of a present existing fact, is not such a representation as to support an action of deceit. Bullock v. Wooldridge, 42 Mo. App. 356. (2) Matters alleged as a mere matter of opinion do not constitute a misrepresentation such as to support action for deceit. Younger v. Hogge, 211 Mo. 444. (3) The respondent either knew all the facts he alleges as misrepresented to him inducing him to enter the contract, or by the exercise of ordinary prudence might have known the same, and this appears from the face of the petition. Champion Funding & Foundry Co. v. Heskett, 125 Mo. App. 531. (4) The written contract in evidence is conclusively presumed to merge all prior negotiations and to express the final agreement of the parties. Crim v. Crim, 162 Mo. 544. (5) It is not competent to vary a written contract by parol testimony. Ochs v. Railroad, 130 Mo. 41; McNeally v. Baldridge, 106 Mo. App. 17; Powell v. Price, 111 Mo. App. 320. (6) Where a contract is in writing the only fraud that may be shown is that touching the execution of the instrument, such as misreading, the surreptitious substitution of one paper for another, or obtaining by trick or fraud a writing which the other party did not intend to give. George v. Tate, 102 U. S. 560; Home Insurance Co. v. Winn, supra, and cases cited. (7) Changing the form of action from one on contract to one of deceit does not in anywise change the rule of law which provides that a written contract may not be varied by parol evidence. Johnston v. Life Ins. Co., 93 Mo. App. 588. (8) A party to a contract alleged by him to be induced by fraud on the part of the other party cannot receive and hold benefits under the contract, and then, with-

out relinquishing those benefits, rescind the contract. He is estopped. Watson Fire Proof Window Co. v. Henry Weis Cornice Co., 168 S. W. 905.

*Wm. D. Bush* for respondent.

(1) A party defrauded in a contract may stand by it, even after he discovers the fraud, and recover damages resulting from the fraud, or he may rescind the contract and recover back what he paid or sold. Parker v. Marquis, 64 Mo. 38. (2) While a person signing a contract is conclusively presumed to know its contents and to accept the same, and all prior negotiations are merged in the writing; but fraud cannot be merged and may be shown to have been the inducement of the contract. Leicher v. Keeney, 98 Mo. App. 394; Gooch v. Conner, 8 Mo. 391. (3) It is that in suing to set aside a contract for fraud or deceit a party cannot affirm a contract and disaffirm it. He is not permitted to take inconsistent positions. He cannot retain the benefits of the contract and sue to set the contract aside. If a party knowing all the facts does not rescind the contract out of court cannot alter his position in court. He cannot retain the benefits and deny the obligation. Och v. Railroad, 130 Mo. 27; Jarrett v. Morton, 44 Mo. 275. (4) But this is not a suit on a contract. This is a suit in tort for deceit and in suing for deceit in inducing a party to enter into a contract, the contract or any position the party takes with reference to the contract, cannot bar the recovery for the deceit, for the action of deceit is based entirely upon the tort and the contract is merely an element of the damage. Parker v. Marquis, 64 Mo. 38; Shultz v. Christman, 6 Mo. App. 338; Heed v. Pierce, 8 Mo. App. 568; Brownlow v. Wellard, 61 Mo. App. 124.

JOHNSON, J.—The petition alleges a cause of action in tort resulting from false and fraudulent repre-

sentations which induced plaintiff to enter into a contract of employment with defendant and to attempt the performance of the same to his damage in the sum of $250. The sufficiency of the petition to state a cause of action was attacked by a demurrer which the court overruled, whereupon defendant answered interposing a general denial and the affirmative defense that "plaintiff has received from the defendant under and by the terms of said contract, the sum of twenty-four dollars and twenty cents, and still retains the same . . . and by so receiving and retaining said benefits under said contract is estopped to deny the validity of the same."

Verdict and judgment were for plaintiff in the sum of $50, and defendant appealed.

The material facts of the case are as follows: Defendant is the publisher of a child's book entitled "Bible Symbols, or The Bible in Pictures," in which simple narratives of biblical truths, events and stories are interpreted and impressed upon the childish memory by a series of puzzle pictures which illustrate and symbolize the narrative. The book is sold by subscription and defendant maintains an office in Kansas City for its sale and distribution in States of the Middle West. Agents are usually procured by the sales' manager of that office from among students attending colleges and universities who desire remunerative employment during vacations. Plaintiff who was such a student attending school at Marshall was solicited by the sales' manager to enter into an agency contract for the sale of the book on commission, for a period beginning June 1, and ending September 5, 1912, and was induced to accept the offer by the representation, among others, that the method of instruction employed in the book was unique and not to be found in any other book on the market. Plaintiff alleged in his petition and introduced evidence tending to show that the representation was false and its falsity known to

the manager at the time; that there were numerous other similar publications on the market; that the territory assigned to plaintiff had been and was being canvassed by agents selling such other publications; and that plaintiff who devoted a month or more of arduous effort to sell the book lost his time and his expenses which exceeded the commissions he received by $50.

Other false representations are alleged in the petition and are shown by the evidence of plaintiff to have been made, but as they consisted either of promises or expressions of opinion and not of representations of existing facts, they were not submitted to the jury as representations upon which a cause of action could be founded, and the only issue submitted in the instructions given at the request of plaintiff was whether or not defendant's manager represented to plaintiff that he "was an experienced agent and did know of his own knowledge that agents introducing the new and novel method of studying the Bible, namely, by puzzle pictures, would have no competition, that the said puzzle pictures was the only book of its kind in existence, and that said representation was false and that plaintiff relied upon said representation and was induced thereby to enter into the said contract of service with defendant, and that the said representation was false to the knowledge of the said W. D. Bond or made by him in reckless disregard to its truth or falsity, and that plaintiff was damaged by reason of being induced to enter into said contract thereby."

Following this instruction the verdict for plaintiff expressed the conclusion as one of fact, that the manager made the alleged false representation respecting the novelty of the book, either knowingly or recklessly; that plaintiff, relying and compelled to rely upon the statement was induced thereby to enter into the contract of employment and that the loss he in-

curred was the direct result of the wrong thus done to him by the manager.

It is contended by defendant that plaintiff neither pleaded nor proved a cause of action. This is not a suit to rescind a contract nor for the recovery of damages as upon a rescinded contract. In the latter class of cases the rule is well settled, as stated by defendant, that a party will not be allowed to keep the fruits of a contract and maintain an action for its rescission on the ground that he was induced to enter into it by fraud of the other party. [Watson Window Co. v. Weis Cornice Co., 181 Mo. App. 318, 168 S. W. 905.] A party induced to enter into a contract by fraud and deceit has his election of remedies. "He may stand to the bargain even after he has discovered the fraud and recover damages on account of it or he may rescind the contract and recover back what he has paid or sold." [Parker v. Marquis, 64 Mo. l. c. 41.] If he chooses the latter remedy he must tender back the benefits he has received from the contract but if he elects to stand to the bargain, "he may retain the benefit from the contract and yet sue for damages." [Shultz v. Christman, 6 Mo. App. 338.] When plaintiff in canvassing the territory assigned him discovered that he had been deceived he continued to work in an effort to make the best of a bad bargain instead of repudiating the contract as he might have done. He elected to stand on the contract and in so doing did not waive his right to recover damages resulting to him from defendant's fraud and deceit, nor was he under any legal obligatoin to offer to return the commissions he had received for his services.

There is no merit in the point that the representation in question did not relate to an existing and material fact. Whether or not the book was the only extant publication of its kind, was a most important and material fact, and the statement that no other such book was on the market fell clearly within the pur-

view of the rule that "actual or positive fraud consists in deception practiced in order to induce another to part with property or to surrender some legal right, and which accomplishes the thing designed. The deception must relate to facts then existing or which had previously existed and which were material to the dealings between the parties on which the deception was employed." [Bullock v. Wooldridge, 42 Mo. App. 356, and cases cited.] The object of the deception duly accomplished, was to engage the services of plaintiff and we find it difficult to understand the argument in the brief of defendant that there could have been no actionable fraud since plaintiff was impecunious and had nothing to lose. He had his time and ability to work which both he and defendant's manager appraised as a thing of value.

The rule that all prior and contemporaneous oral agreements and representations are merged in the written contract entered into by the parties does not apply to fraudulent representations made for the purpose of inducing a party to enter into such contract. [Gooch v. Conner, 8 Mo. 391; Leicher v. Keeney, 98 Mo. App. 394; Judd v. Walker, 215 Mo. 312.] To hold to the contrary in the present case would be to say that since the deception was successful in procuring the signature of plaintiff to the written contract of employment, it cannot be judicially inquired into, nor may the injury it wrought be rectified.

The mere statement of such proposition is its own sufficient refutation. There is no substantial error in the record.

The judgment is affirmed. All concur.