## CONTINENTAL JEWELRY CO. v. WILLIAMS.

### No. 12402.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 20, 1930.

Rehearing Denied Jan. 24, 1931.

Ewing Clagett, of Wichita Falls, for appellant.

Ben W. Tipton, of Electra, for appellee.

CONNER, C. J.

The appellant, Continental Jewelry Company, sued I. K. Williams, appellee, in the county court of Wichita county to recover $276 alleged to be the contract price of specified articles of jewelry sold to appellee on written order September 4, 1928.

Appellee defended on the ground, among other things, that he had been induced to execute the order or contract of purchase by the false and fraudulent statements of the plaintiff's agent, who secured the order, that no other sale of the same class of merchandise had, or would be, made in the town of Electra, where he (appellee) was doing business.

The trial was before the court without a jury and resulted in a judgment for the defendant, and the plaintiff Continental Jewelry Company has appealed.

We copy the third paragraph of the trial court's findings of fact, which reads as follows:

"I find that the plaintiff, acting through its agent and representative, the said C. B. Trippet, represented to the defendant that plaintiff had not sold the merchandise offered for sale to defendant and described in the contract sued on, to any other merchant in the City of Electra, Texas, and that the defendant would be the first in said city to receive said merchandise, and that the proposition was an exclusive proposition to the defendant; that said representations were false, and were known to be false at the time made, and were made for the purpose of inducing defendant to sign said contract; that the defendant relied upon said representations and but for same said defendant would not have signed said contract, and would not have purchased said merchandise."

The findings in all other respects fully supports the judgment, and the court concluded as a matter of law that:

"I hold as a conclusion of law that the fraud of the plaintiff, acting by and through its agent, invalidated the contract, in its entirety, the contract is void and the plaintiff is not entitled to recover."

The assignments of error and contentions in behalf of appellant are to the effect that the court erred in both findings above copied, for the reason that the order executed by appellee did not contain the false statements relied upon so as to affect appellant with notice thereof, but, on the contrary, expressly recites that:

"Salesman's authority is limited to taking orders on this form and no change or addition is binding unless in writing on the original order, accepted by us at Cleveland, Ohio."

On the last line of the printed part of the order just above the signature of the defendant is the following:

"We have read this order and find it complete and satisfactory."

■ We will not undertake to formulate a definition of fraud as applicable to every conceivable state of facts, but in so far as relevant, we think it may be safely said that any false statement of an existing fact knowingly made, that materially induces another innocent person to do an act or incur an obligation that he would not have done or in-

curred but for such false statement, constitutes actionable fraud.

■ The case of Brown v. Search, 131 Wis. 109, 111 N. W. 210, by the Supreme Court of Wisconsin, is one in which a parent contemplated sending his daughter to a business college, and stated to the agent of such school that he desired sending his daughter to a school which would be attended by some of her former classmates. The agent replied that he had obtained contracts from the parents of several of such classmates, naming three of them. It appeared that in fact the agent had not obtained contracts from the parents of such classmates of defendant's daughter, and that none of them attended the business college. The statements of the agent were relied on, and the parent signed a contract for the attendance of his daughter, but when sued on the obligation defended on the ground that he had been induced to execute it by the false statements and representations so made. The court held that the representations of the agent were fraudulent and material and entitled the parent to the rescission of the contract.

In Horne v. John A. Hertel Co., 184 Mo. App. 725, 171 S. W. 598, 600, by the Kansas City Court of Appeals, a sales manager of a business house represented to a prospective agent that the book which he should sell was the only extant publication of that nature, when in reality there were similar publications which constituted a misrepresentation of an existing and material fact, which, having been shown to be false and to have been relied on by the agent, entitled the agent to recover his damages. In disposing of the case, the court said:

"There is no merit in the point that the representation in question did not relate to an existing and material fact. Whether or not the book was the only extant publication of its kind was a most important and material fact, and the statement that no other such book was on the market fell clearly within the purview of the rule that:

" 'Actual or positive fraud consists in deception practiced in order to induce another to part with property or to surrender some legal right, and which accomplishes the thing designed. The deception must relate to facts then existing, or which had previously existed, and which were material to the dealings between the parties on which the deception was employed.' Bullock v. Wooldridge, 42 Mo. App. 356, and cases cited.

"The object of the deception, duly accomplished, was to engage the services of plaintiff, and we find it difficult to understand the argument in the brief of defendant that there could have been no actionable fraud, since plaintiff was impecunious and had nothing to lose. He had his time and ability to work, which both he and defendant's manager appraised as a thing of value."

The further contention in behalf of appellant, to the effect that appellee should have been denied a recovery on the ground that by due inquiry he could easily have learned of the falsity of the agent's representations, must be overruled as without merit. Ford v. Sims, 190 S. W. 1165, by the San Antonio Court of Civil Appeals.

We finally conclude that the cases we have cited illustrate and support the conclusion we have reached, which is that the trial court's findings of fact and conclusions of law should be adopted and the judgment affirmed.